FILED
AUG 0 4 2016

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| MICAH CROWE, | CIV. 16-4111 |
| Plaintiff, | |
| vs. | COMPLAINT |
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, | |
| Defendant. | |

**COMES NOW,** Plaintiff, Micah Crowe, and for his Complaint against the Defendant, states and alleges as follows:

## NATURE OF THE ACTION

This is a diversity suit to recover liability coverage benefits brought by Plaintiff against Defendant American Family Mutual Insurance Company ("Defendant"). Plaintiff Micah Crowe ("Micah") alleged he was severely and permanently injured by negligent actions of Stephen Liebsch ("Stephen"), who was insured by Defendant. Micah brought suit against Stephen and Defendant denied Stephen's request for a defense and indemnity coverage. As a result, Stephen confessed judgment for his negligence and assigned his rights of action against Defendant to Micah. Micah now seeks all benefits owed pursuant to the liability coverage available to Stephen as an insured under the Policy and all other civil remedies.

## PARTIES

1.  Plaintiff, Micah Crowe, is a citizen of the State of South Dakota as of the date of filing of this complaint.

1

2. Upon information and belief, Defendant American Family Mutual Insurance Company, is a Wisconsin corporation with its principal place of business outside the State of South Dakota.

3. Stephen Liebsch is not a resident of Wisconsin or South Dakota.

## JURISDICTION

4. The amount in controversy, exclusive of interest and costs, exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00) and this Court has jurisdiction pursuant to 28 USC § 1332.

5. A substantial part of the events giving rise to this action occurred in South Dakota, and venue in this Court is therefore proper pursuant to 28 U.S.C. § 1391(a)(2).

## FACTS

6. Defendant provided liability coverage to Stephen under policy number 40-P64401-01 (the "Policy"). The Policy was fully paid, effective, and in force during the relevant dates in this matter.

7. Stephen was an insured under the Policy since he resided with his parents at the time of the actions which caused injury to Micah. The Policy provided liability coverage for negligent acts, among other things.

8. On July 9th, 2009, Micah and Stephen attended a party in Yankton, South Dakota, at which Micah became severely intoxicated and then unconscious.

9. After Micah became unconscious, Stephen wrote on Micah with markers and covered him with food.

10. Other individuals poured water over Micah to clean off the debris after Stephen sullied him.

11. While Micah was still unconscious, Stephen and another person either dragged or carried Micah down the stairs leading from the deck to the yard.

12. Micah's head forcefully contacted the stairs when he was dropped on or dragged across the stairs.

13. Stephen and another individual left Micah on the front lawn of the house.

14. Other individuals eventually loaded Micah into the trunk of a vehicle, drove to another residence, and left Micah laying in the trunk from approximately 2:00 a.m. to 12:00 p.m. on July 10.

15. That afternoon, Micah was diagnosed with a subdural hematoma due to a closed head injury, as well as compartment syndrome due to having lain on his side for an extended period of time.

16. Due to his head injury, Micah was flown from Yankton, South Dakota to Sioux Falls, South Dakota in order to obtain specialized emergency treatment.

17. As a direct and proximate result of Micah's contact with the stairs and his other injuries, Micah incurred health care expenses in excess of One Hundred Twenty-Four Thousand Dollars ($124,000) and will reasonably incur future health care expenses in an amount yet to be determined.

18. Micah filed suit against Stephen and another defendant for dropping him on the stairs ("Micah's Complaint").

19. Micah's Complaint alternatively alleged that Stephen committed negligence and battery against Micah.

20. Stephen tendered Micah's Complaint to Defendant sometime prior to February 8, 2011.

21. Defendant understood that Micah's Complaint alleged Stephen committed negligence and battery.

22. In a letter dated February 8, 2011, Defendant denied Stephen's claim and refused to defend him against Micah's Complaint on the grounds that "the allegations made against [Stephen] are based on [his] intentional conduct." This letter did not address Micah's allegation that Stephen had unintentionally dropped Micah on the stairs and caused Micah's brain injury.

23. On May 25, 2011, Stephen again contacted Defendant through his attorney, Timothy L. James. In that letter, Mr. James stated that the only intentional or criminal activity undertaken by Stephen was to "childishly [write] on Micah and [pour] certain food stuffs on him," and that "[n]one of the physical injuries suffered by Micah Crowe were the result of" that conduct. Mr. James went on to state the allegations of negligence, on the other hand, were based on "testimony that Micah accidentally slipped from Stephen Liebsch's grasp and may have struck his head." Mr. James concluded that the facts and pleadings "establish, without question, a covered event," and demanded that Defendant defend and indemnify Stephen.

24. With his May 25, 2011 letter, Mr. James enclosed the Second Amended Complaint, the Deposition of Stephen Liebsch, and the Deposition of Andrew Taggart, all of which established the facts contained in Mr. James' letter of May 25, 2011.

25. After Defendant reviewed Mr. James's May 25, 2011 letter with its enclosures, it reaffirmed its denial of Stephen's claim in a letter dated June 29, 2011. In this letter, Defendant specifically claimed without citation to any source that Stephen's conduct in "carrying or dragging an unconscious Micah Crowe down the deck steps was clearly intentional".

26. Defendant's assertion that Stephen intentionally caused the harm suffered by Micah as Micah was dragged or dropped down the stairs directly contradicts the testimony of the several witnesses who testified that Stephen accidentally lost hold of Micah.

27. Due to Defendant's failure to comply with its contractual duties to Stephen and due to the serious nature of the damages suffered by Micah, on March 4, 2016, Stephen confessed judgment for his negligent conduct in the amount of $100,000 in favor of Micah and assigned any and all of his claims against Defendant to Micah.

## COUNT 1

### (Breach of Contract)

28. Plaintiff realleges and incorporates by reference all preceding paragraphs.

29. The Policy was a contract between Stephen and Defendant.

30. Stephen provided timely notice to Defendant of Micah's lawsuit.

31. The facts alleged above and in Micah's Complaint give rise to a prima facie claim for negligence against Stephen.

32. Micah's Complaint triggered Defendant's contractual duties to defend and indemnify Stephen under the policy.

33. Defendant breached its contractual duties to defend and indemnify Stephen when it denied Stephen's claim for those benefits.

34. As a result of Defendant's breach of its contractual duties, Stephen has suffered general and special damages in an amount to be determined at trial.

## COUNT 2

### (Bad Faith)

35. Plaintiff realleges and incorporates by reference all preceding paragraphs.

36. Defendant had a duty to act in good faith toward Stephen in handling his claim arising out of its contractual obligations under the Policy.

37. Defendant lacked a reasonable basis for its refusal to defend and indemnify Stephen in this matter.

38. Defendant knew it lacked a reasonable basis for the refusal to defend and indemnify Stephen in this matter.

39. Defendant's refusal to appropriately investigate the circumstances of the incident, fairly evaluate this claim, provide a defense and coverage, and honor the plain terms of the insurance contract was willful, vexatious, and without reasonable basis in fact or law.

40. Defendant's refusal to defend and indemnify caused Stephen to sustain general and special damages in an amount to be determined at trial.

### COUNT 3

### (Punitive Damages)

41. Defendant's conduct as alleged above was willful, unreasonable, or malicious.

42. Based upon the foregoing allegations, a jury may find Defendant liable for punitive damages under SDCL 21-3-2.

### COUNT 4

### (Attorney Fees)

43. Defendant's refusal to defend and indemnify Stephen and pay the full amount of the loss was vexatious and without reasonable cause.

44. Based on the foregoing allegations, Defendant is liable for attorney fees under SDCL 58-12-3.

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

A. General and special damages in an amount to be determined at trial;

B. Punitive damages in an amount to be determined at trial;

C. Attorneys' fees in an amount to be determined at trial;

D. Pre-judgment and Post-judgment interest as allowed by law;

E. Plaintiff's costs and disbursements herein; and

F. Such other relief as the court deems just and proper.

Dated this 2nd day of August, 2016.

> **Johnson, Miner, Marlow,
> Woodward & Huff, Prof, LLC**
>
> */s/ Jacob T. Tewes*
>
> Michael F. Marlow
> Jacob T. Tewes
> 200 W. 3rd St.
> PO Box 667
> Yankton, SD 57078
> Telephone: (605) 665-5009
> Facsimile: (605) 665-7688
> Email: mikem@jmmwh.com
> Email: jacob@jmmwh.com
>
> *Attorneys for Plaintiffs*